UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:19-cr-379-WFJ-TGW

JORGE PABLO MARTINEZ-
LOPEZ

_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Jorge Pablo Martinez-Lopez, USM#: 72538-018, moves (Dkt. S-81-1) for a reduction in sentence, which the United States opposes. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 24, 2020, Jorge Pablo Martinez-Lopez was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) to 97 months. Mr. Martinez-Lopez's total offense level was 35. He was assessed no criminal history points, and his criminal history was category I. Mr. Martinez-Lopez's advisory sentencing range was 168-210 months, and he received a sentence well below the advisory range. The Court granted the Government's motion for a two-level downward departure for substantial assistance (5K1.1) and departed three more levels, resulting in a guideline range of 97-121. The Bureau of Prisons reports that his projected release is July 7, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Jorge Pablo Martinez-Lopez is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.

The Federal Defender appears, confirms Mr. Martinez-Lopez's eligibility for a reduction, and moves to reduce his sentence to 78 months (a 19-month reduction in sentence).  This reduction incorporates the original five-level departure to 78-97 months based on an offense level 28.  The United States opposes the reduction.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and finds those factors militate against a reduction in sentence.  Defendant is a native of Ecuador and the U.S. Coast Guard interdicted the go-fast vessel in the Pacific Ocean.  As part of the smuggling venture, Defendant claimed to be the master and carried the satellite phone and GPS while on the vessel.  After the Coast Guard drilled into the hull of the go-fast vessel, they observed cocaine on the

drill bit, and the resulting search found 492 kilograms of cocaine on board. This venture may also have touched upon public corruption. *See* Dkt. 31 at 5 ¶ 13.

The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion to be denied. The current sentence is in line with those factors and properly reflects the "nature and circumstances of the offense" after input and consideration of the present motion, and after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing. *See id.* at (a)(1) (consideration of nature and circumstances of the offense). To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. This sentence also serves to avoid unwarranted sentence disparities as his co-defendant received the same 97-month sentence. Lastly, Defendant is subject to an ICE detainer and will most likely be deported to Ecuador.

Mr. Martinez-Lopez's motion (Dkt. S-81-1) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on June 12, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE